IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Kevin A. Tolliver, | : | |
| Plaintiff, | : | Case No. 2:07-cv-0017 |
| v. | : | JUDGE SARGUS |
| Scott A. Mittman, Esq., et al., | : | |
| Defendants. | : | |

## OPINION AND ORDER

This matter is before the Court on the objection (Doc. 9) filed by the plaintiff, Kevin A. Tolliver, to the Magistrate Judge's Report and Recommendation (Doc. 7). Pursuant to an initial screening under 28 U.S.C. §1915, the Magistrate Judge recommends that the plaintiff's complaint be dismissed for want of jurisdiction and for failing to state a claim upon which relief can be granted.

When objections are received to a Magistrate Judge's report and recommendation on a dispositive matter, the district judge "shall make a de novo determination of any portion of the magistrate judge's disposition to which specific written objection has been made...." Fed.R.Civ.P. 72(b). After review, the district judge "may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions." Id.; see also 28 U.S.C. §636(b)(2)(B).

As to the jurisdictional issue, the Magistrate Judge determined that Mr. Tolliver and the defendants are all residents of the State of Ohio and that, as a result, the Court would have jurisdiction only if a federal question were involved. The Magistrate Judge considered and

rejected the plaintiff's contention that jurisdiction exists under 28 U.S.C. §1334. In his objection, Mr. Tolliver maintains that under §1334, the Court can revisit his bankruptcy case for the purpose of discharging his debts and exercise supplemental jurisdiction over his state law malpractice claim pursuant to 28 U.S.C. §1367(a). He further cites In re Ellwanger, 140 B.R. 891 (W.D. Mich. 1992) for the proposition that a bankruptcy court has jurisdiction over a debtor's malpractice claim against his attorney where the claim is related to the assets and liabilities of the estate and the suit's outcome will affect the administration of the estate. Id. at 896.

The Court agrees with the Magistrate Judge's conclusion and the numerous decisions cited in the Report and Recommendation that a federal court simply has no jurisdiction over a legal malpractice case where diversity of citizenship is absent even if the litigation giving rise to the malpractice claim took place in a federal court or involved issue arising under federal law. Unlike the situation in Ellwanger, the plaintiff's bankruptcy case was closed several years ago and the outcome of his malpractice claim can have no conceivable effect on his bankruptcy estate. Furthermore, this Court has no authority to revisit the issue of Mr. Tolliver's bankruptcy discharge and, accordingly, there can be no supplemental jurisdiction over this state law malpractice claim.

The Court, therefore, ADOPTS the Report and Recommendation as to the jurisdictional issue. It is unnecessary, then, to consider that portion of the plaintiff's objection which attacks the Magistrate Judge's finding that plaintiff's claim is also barred by the applicable Ohio statute of limitation. This action is hereby DISMISSED for lack of jurisdiction. The Clerk of Court is

hereby ORDERED to remove this matter from the Court's active docket and to mail a copy of the complaint, the Report and Recommendation, and this Opinion and Order to the defendants.

Date: 10-11-2007

Edmund A. Sargus, Jr.
United States District Judge